UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
TONI I.,

                      Plaintiff,        <u>DECISION AND ORDER</u>
                                           1:20-CV-09453-GRJ

      v.

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.
-------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In October of 2018, Plaintiff Toni I.[1] applied for Disability Insurance

Benefits and Supplemental Security Income Benefits under the Social

Security Act. The Commissioner of Social Security denied the applications.

Plaintiff, represented by Olinsky Law Group, Howard D. Olinsky, Esq., of

counsel, commenced this action seeking judicial review of the

Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and

1383 (c)(3).  The parties consented to the jurisdiction of a United States

Magistrate Judge. (Docket No. 17).

This case was referred to the undersigned on May 2, 2022.  Presently

pending are the parties' Motions for Judgment on the Pleadings under Rule

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

12 (c) of the Federal Rules of Civil Procedure. (Docket No. 18, 26). For the following reasons, Plaintiff's motion is due to be granted, the Commissioner's motion is due to be denied, and this case is remanded for further proceedings.

## I. BACKGROUND

### A.   Administrative Proceedings

Plaintiff applied for benefits on October 8, 2018, alleging disability beginning January 11, 2018. (T at 222-31, 232-33).[2]  Plaintiff's applications were denied initially and on reconsideration.  She requested a hearing before an Administrative Law Judge ("ALJ").  A hearing was held on September 27, 2019, before ALJ Michael Stacchini. (T at 30). Plaintiff appeared with an attorney and testified. (T at 35-55). The ALJ also received testimony from Josiah Pearson, a vocational expert. (T at 55-64).

### B.   ALJ's Decision

On January 10, 2020, the ALJ issued a decision denying the applications for benefits. (T at 7-28).  The ALJ found that Plaintiff had not engaged in substantial gainful activity since January 11, 2018 (the alleged onset date) and met the insured status requirements of the Social Security Act through December 31, 2021 (the date last insured). (T at 13).  The ALJ

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 14

concluded that Plaintiff's lumbar radiculopathy; degenerative disc disease of the cervical spine; impingement and bursitis of the right shoulder; and meniscal tears, synovitis, and plica syndrome of the right knee were severe impairments as defined under the Act. (T at 13).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equals one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 15).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 CFR 404.1567 (a), with the following limitations: she can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds; she can occasionally balance, stoop, kneel, crouch, and crawl; she must be permitted the use of a cane for balance and ambulation; she can frequently reach, handle, and finger with the right dominant upper extremity; and she should avoid working at unprotected heights or with hazardous machinery. (T at 15).

The ALJ concluded that Plaintiff could not perform her past relevant work as a department manager or cashier/checker. (T at 21).  However, considering Plaintiff's age (26 on the alleged onset date), education (at least high school, able to communicate in English), work experience, and

RFC, the ALJ determined that there were jobs that exist in significant

numbers in the national economy that Plaintiff can perform.  (T at 22).  As

such, the ALJ found that Plaintiff had not been under a disability, as defined

under the Social Security Act, and was not entitled to benefits for the period

between January 11, 2018 (the alleged onset date) and January 10, 2020

(the date of the ALJ's decision). (T at 22).  On September 9, 2020, the

Appeals Council denied Plaintiff's request for review, making the ALJ's

decision the Commissioner's final decision. (T at 1-4).

### C.   Procedural History

Plaintiff commenced this action, by and through her counsel, by filing

a Complaint on November 11, 2020. (Docket No. 1).  On November 1,

2021, Plaintiff filed a motion for judgment on the pleadings, supported by a

memorandum of law. (Docket No. 18, 19).  The Commissioner interposed a

cross-motion for judgment on the pleadings, supported by a memorandum

of law, on April 14, 2022. (Docket No. 26, 27).  On May 5, 2022, Plaintiff

submitted a reply memorandum of law in further support of her motion.

(Docket No. 28).

## II.  APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

### B.    Five-Step Sequential Evaluation Process

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without

considering vocational factors such as age, education, and work experience.

4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III.  DISCUSSION

Plaintiff raises one main argument in support of her request for reversal of the ALJ's decision.  Plaintiff contends the ALJ's assessment of the medical opinion evidence was flawed.

### A.      Medical Opinion Evidence

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c.  Because Plaintiff's applications for benefits were filed after that date, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. *See* 20 C.F.R. § 404.1520c (a), (b)(2).   The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. *See* 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)).  The "more consistent a medical opinion" is with "evidence from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. *See* 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

In November of 2018, Dr. Gerald Gaughan, a treating physician, opined that Plaintiff was limited to occasionally lifting 10 pounds and frequently lifting 5 pounds, standing/walking for less than 2 hours per day, and sitting less than 6 hours per day. (T at 522).  Dr. Gaughan noted abnormal gait, reduced strength (4/5) in the upper and lower right

extremities, and reduced range of motion in the lumbar spine. (T at 519-520).

In January of 2019, Dr. C. Li, a non-examining State Agency review physician, opined that Plaintiff could perform sedentary work with some postural limitations. (T at 75-76).  Dr. R. Dickerson, another State Agency review physician, affirmed these findings in April of 2019. (T at 97-98).

In April of 2019, Dr. Eugene J. Liu, another treating physician, opined that Plaintiff could not lift anything heavier than 5-10 pounds, may be unable to tolerate sitting, standing, or walking for more than 20 minutes, should avoid pushing or pulling, and was limited by daily fluctuations in pain levels. (T at 561-62).  Dr. Liu noted antalgic gait (favoring the right leg), along with reduced motor strength in the right and left lower extremities. (T at 560).  He stated that Plaintiff was not able to tolerate prolonged sitting, standing, or walking (i.e. greater than 15-20 minutes) due to lower back pain and radiculopathy to her legs. (T at 560).

The ALJ found the opinions of Dr. Gaughan and Dr. Liu unpersuasive because they were "inconsistent and unsupported by the totality of [their] own exam records." (T at 21).  The ALJ recognized that the treating physicians' "clinical findings do indicate some deficits in range of motion and subject[ive] reports of pain," but concluded that Plaintiff was

"neurologically intact with generally full motor strength and no signs of muscle atrophy." (T at 20).  The ALJ found the opinions of the non-examining State Agency review physicians "generally persuasive" and consistent with "the objective evidence showing degenerative impairments of the cervical and lumbar spine, [Plaintiff's] history of knee surgery, and clinical findings showing continued deficits in the spine and right shoulder." (T at 20).

This Court concludes that the ALJ's consideration of the medical opinion evidence is insufficient to be sustained on review.

An ALJ must provide an adequate "roadmap" for her reasoning.  The failure to do so deprives the Court of the ability to determine accurately whether the ALJ's opinion is supported by substantial evidence. *Ferraris v. Heckle*r, 728 F.2d 582, 587 (2d Cir. 1984) (noting that "the crucial factors in any determination must be set forth with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence").

In other words, it is the ALJ's responsibility to "build an accurate and logical bridge from the evidence to [his] conclusion to enable meaningful review." *Horton v. Saul*, 19-CV-8944, 2021 WL 1199874, at *12 (S.D.N.Y. March 30, 2021) (quoting *Hamedallah ex rel. E.B. v. Astrue*, 876 F. Supp.2d 133, 142 (N.D.N.Y. 2012)); *see also Diaz v. Comm'r of Soc. Sec*.,

No. 18-CV-8643 (SN), 2020 WL 1699996, at *11 (S.D.N.Y. Apr. 8,

2020)("The ALJ's consideration of these factors must be evident from the

ALJ's decision, as the claimant is entitled to an explanation as to why the

ALJ did not credit the findings of a treating physician.").

The "failure to provide good reasons for not crediting the opinion of a

claimant's treating physician is a ground for remand." *Greek v. Colvin*, 802

F.3d 370, 375 (2d Cir. 2015); *see also Halloran v. Barnhart*, 362 F.3d 28,

33 (2d Cir. 2004); *Diaz,* 2020 WL 1699996, at *11("[R]emand is appropriate

when the ALJ fails to 'comprehensively set forth his reasons for the weight

assigned to a treating physician's opinion.'")(quoting *Burgess*, 537 F.3d at

129-30)).

Here, the ALJ found the treating physicians' opinions unsupported by

their clinical findings but acknowledged that those findings "do indicate

some deficits in range of motion …." (T at 20). Indeed, the record contains

significant documentation of tenderness, spasms, decreased strength,

reduced range of motion, and antalgic gait. (T at 352, 353, 440, 442, 446,

504, 506, 512, 519-20 524, 559, 560, 614-15, 644, 777, 778, 798-99, 824,

825, 836, 846, 850, 855, 919, 920, 935-36).

Although Plaintiff's range of motion fluctuated (with some treatment

notes indicating greater ability than others), the ALJ provided no "roadmap"

to explain how or why he concluded that the overall record was inconsistent with the treating physicians' assessments.  An explanation supported by specific citation to the record is necessary because ALJs are not permitted to substitute their "armchair" views of the clinical evidence for the considered judgment of the claimant's medical providers. *See Mackey v. Comm'r of Soc. Sec.*, 519 F. Supp. 3d 151, 153 (E.D.N.Y. 2021)("Such substitution of the ALJ's armchair views of medical evidence is clearly impermissible."); *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) ("T]he ALJ was not at liberty to substitute his own lay interpretation of that diagnostic test for the uncontradicted testimony of [the treating physician]"); *Amarante v. Comm'r of Soc. Sec.*, No. 16-CV-00717 (RJS) (BCM), 2017 U.S. Dist. LEXIS 146768, at *33 (S.D.N.Y. Sep. 8, 2017)(remanding because ALJ "improperly assume[d] the mantle of a medical expert")

Further, the ALJ failed account for the fact that the opinions of Dr. Gaughan and Dr. Liu were consistent with each other.   This was error. *See Shawn H. v. Comm'r of Soc. Sec.*, No. 2:19-CV-113, 2020 WL 3969879, at *7 (D. Vt. July 14, 2020) ("Moreover, the ALJ should have considered that the opinions of Stephens and Dr. Lussier are consistent with each other.").

For these reasons, this Court concludes that the ALJ's analysis is insufficient and a remand is necessary for a proper application of the

medical opinion evidence rules and an appropriate analysis as to whether the treating physicians' assessments are consistent with and supported by the record.

*B.     Remand*

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)).  Remand for further administrative proceedings is the appropriate remedy "[w]here there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *see also Rhone v. Colvin*, No. 13-CV-5766 (CM)(RLE), 2014 U.S. Dist. LEXIS 180514, at *28 (S.D.N.Y. Nov. 6, 2014).

Given the deficiencies in the ALJ's consideration of the medical opinion evidence, as outlined above, this Court finds that a remand for further administrative proceedings is necessary.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 18) is GRANTED; the Commissioner's Motion for Judgment on the Pleadings (Docket No. 26) is DENIED; and this case is

REMANDED for further administrative proceedings consistent with this

Decision and Order. The Clerk is directed to enter final judgment consistent

with this decision and then close the file.


Dated: August 7, 2022                    *s/Gary R. Jones*
                                         GARY R. JONES
                                         United States Magistrate Judge